UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| WANDA HUNTER-HARDEN,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICA'S THRIFT STORE,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:26-cv-112-TRM/MJD |

**ANSWER TO COMPLAINT**

Defendant America's Thrift Store, by and through counsel, submits this Answer to Plaintiff's Complaint and states as follows:

**PRELIMINARY STATEMENT**

Plaintiff's Complaint consists of a handwritten narrative rather than separately numbered paragraphs. America's Thrift Store has organized Plaintiff's allegations into separately numbered paragraphs corresponding to the individual sentences contained in the Complaint and responds to each allegation accordingly. To the extent America's Thrift Store's organization differs from Plaintiff's intended pleading structure, America's Thrift Store does not concede the accuracy, materiality, or legal sufficiency of any allegation and reserves all defenses.[1]

[1] America's Thrift Store answers Plaintiff's handwritten Complaint by responding to each separate factual sentence because the pleading does not contain numbered paragraphs as contemplated by Fed. R. Civ. P. 10(b). America's Thrift Store's organizational approach is intended solely to facilitate a clear response and should not be construed as adopting Plaintiff's characterization of the allegations or conceding the legal sufficiency of any claim. For the Court's convenience, America's Thrift Store has attached as an exhibit a transcription of Plaintiff's handwritten Complaint (*See* **Exhibit 1**). The exhibit is submitted solely to aid the Court's review and to clarify the correspondence between the allegations asserted by Plaintiff and America's Thrift Store's responses thereto. By attaching or referencing the transcription, America's Thrift Store does not adopt, concede, stipulate to, or admit the accuracy of the transcription, the truth of any allegation contained therein, the characterization of any allegation, or the legal sufficiency of Plaintiff's claims, and expressly reserves all defenses and objections.

America's Thrift Store admits those allegations that are specifically admitted below, denies all other allegations, and asserts that Plaintiff has failed to state a claim upon which relief can be granted. To the extent any allegation contains legal conclusions, no response is required, and any such allegation is denied. To the extent Plaintiff's handwritten narrative Complaint contains allegations that are vague or uncertain, America's Thrift Store responds based upon its best understanding of the allegations and reserves the right to supplement or amend this Answer upon clarification of such allegations.

**RESPONSES TO ALLEGATIONS**

1. Paragraph 1 contains Plaintiff's narrative introduction and legal characterization of her lawsuit. To the extent it contains factual allegations requiring a response, America's Thrift Store admits that Plaintiff was employed by America's Thrift Store at the Chattanooga, Tennessee location referenced. America's Thrift Store denies that it engaged in unlawful discrimination against Plaintiff or violated any law, and denies any allegation inconsistent therewith.

2. America's Thrift Store admits only that Plaintiff was hired by America's Thrift Store on or about October 4, 2022.

3. America's Thrift Store admits only that Plaintiff informed America's Thrift Store she had a disability and had previously suffered a stroke that left her with limited use of her left hand. America's Thrift Store denies any allegation that it discriminated against Plaintiff based on any disability.

4. America's Thrift Store admits only that Plaintiff informed the company that she received social security disability benefits and wanted to work within her physical limitations.

5. America's Thrift Store admits only that Plaintiff was initially hired as a dressing room attendant in the Retail Department and later worked in the Processing Department.

6. America's Thrift Store denies that Ben and Edward (identified as Benjamin Taylor and Golden Hale) were eligible for paid time off while working approximately 25 hours or less per week. America's Thrift Store affirmatively states that its written policy requires employees to work thirty (30) or more hours per week to be eligible for paid time off (PTO), and that Benjamin Taylor and Golden Hale were part-time hourly employees. America's Thrift Store further states that any PTO usage by a part-time employee would have been contrary to company policy and not the result of any authorized exception to the PTO eligibility requirements.

7. America's Thrift Store admits only that Plaintiff asked management why certain employees were receiving paid time off. America's Thrift Store denies that any part-time employees working fewer than thirty (30) hours per week were entitled to PTO benefits under company policy.

8. America's Thrift Store admits only that Annakah Jones was a manager and that she informed Plaintiff that employees were required to work 30 hours or more per week to qualify for paid time off, which accurately stated the company's written policy as set forth in its Employee Handbook.

9. America's Thrift Store denies that Plaintiff was being treated differently or that the stated PTO policy was not applied equally. America's Thrift Store affirmatively states that its PTO policy provides that only employees working thirty (30) or more hours per week are eligible to accrue PTO benefits, regardless of race, sex, or any other protected characteristic.

10. America's Thrift Store is without sufficient knowledge or information to admit or deny allegations regarding any private discussions between Plaintiff, Patricia Madden, Sharon Wynn, and Renee Richardson, and therefore denies the allegations contained in this paragraph.

11. America's Thrift Store is without sufficient knowledge or information to form a belief as to what Patricia Madden, Sharon Wynn, and Renee Richardson expressed to Plaintiff in private conversations and therefore denies the allegations contained in this paragraph.

12. To the extent Paragraph 12 alleges that Annakah Jones and Sharon Wynn stated that Ben and Edward were "grandfathered in" to receive PTO while working part-time hours, America's Thrift Store denies that any such statement reflected actual company policy regarding PTO eligibility. To the extent any such statement was made, it was a miscommunication. The term "grandfathered in" was used in reference to an employee's assignment to a particular position prior to a manager's tenure, not to any exception to PTO eligibility requirements. America's Thrift Store further denies that any employee was exempted from PTO eligibility requirements on the basis of race, sex, or any other protected characteristic.

13. America's Thrift Store denies that there was any written or unwritten policy providing an exception to the PTO eligibility requirement for Ben and Edward (Benjamin Taylor and Golden Hale). America's Thrift Store admits that Plaintiff was not given any such benefit because company policy did not permit employees working fewer than thirty (30) hours per week to receive PTO benefits.

14. Paragraph 14 contains Plaintiff's subjective characterization and legal conclusion, to which no response is required. To the extent a response is required, America's Thrift Store denies that any action taken by America's Thrift Store constituted racial discrimination.

15. America's Thrift Store admits that Plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission, which was dual-filed with the Equal Employment Opportunity Commission (EEOC).

16. America's Thrift Store is without sufficient knowledge or information to form a belief as to whether a Notice of Right to Sue Letter was issued and therefore denies the allegations contained in this paragraph.

17. America's Thrift Store is without sufficient knowledge or information to form a belief as to Plaintiff's efforts to obtain legal representation and therefore neither admits nor denies the allegations contained in this paragraph.

18. America's Thrift Store is without sufficient knowledge or information to form a belief as to Plaintiff's efforts to obtain legal representation and therefore neither admits nor denies the allegations contained in this paragraph.

19. America's Thrift Store admits that Plaintiff has the right to proceed *pro se* and has filed this civil action on her own behalf. The remainder of Paragraph 19 contains legal conclusions and characterizations to which no response is required.

20. America's Thrift Store denies that Plaintiff was treated differently from similarly situated employees. America's Thrift Store denies that the explanations Plaintiff received regarding paid time off were inconsistent or unfair. America's Thrift Store affirmatively states that its PTO policy required employees to work at least thirty (30) hours per week to be eligible for PTO and that Plaintiff received accurate information regarding those eligibility requirements.

21. America's Thrift Store denies the allegations in Paragraph 21.

22. Paragraph 22 contains Plaintiff's request directed to the Court and does not require a response from America's Thrift Store. To the extent a response is required, America's Thrift Store states that it intends to present evidence, testimony, and documentation demonstrating that America's Thrift Store did not discriminate against Plaintiff and that any PTO usage by ineligible employees was not the result of unlawful discrimination or any race-based policy or practice.

23. Paragraph 23 contains Plaintiff's request for relief directed to the Court and does not require a response from America's Thrift Store. To the extent a response is required, America's Thrift Store denies that Plaintiff is entitled to any relief.

24. Paragraph 24 contains Plaintiff's verification statement and does not require a response from America's Thrift Store.

25. Any allegations of the Complaint not specifically admitted or denied, are hereby denied separately and specifically.

## AFFIRMATIVE DEFENSES

1. This action, in whole or in part, is barred by the applicable statute of limitations.

2. This action is frivolous, unreasonable, and groundless, and accordingly, America's Thrift Store is entitled to attorneys' fees and other costs associated with the defense of this action.

3. The Complaint fails to state a claim upon which relief can be granted as to any of the claims alleged in the Complaint.

4. This action and the remedies sought are barred by Plaintiff's failure to comply with all conditions precedent to the commencement of this action.

5. Plaintiff failed to mitigate alleged damages, if any.

6. America's Thrift Store's actions with respect to Plaintiff were based upon valid business reasons and not related to Plaintiff's race, color, any protected class, any protected activity, or any other unlawful basis.

7. Plaintiff was not treated less favorably than similarly situated individuals outside of any protected class.

8. Plaintiff did not suffer an adverse employment action because of race, color, any protected class, any protected activity, or any other unlawful basis.

9. Without admitting any allegation in the Complaint, in the event Plaintiff's protected class or protected activity is found to have been a motivating factor in any decision made by America's Thrift Store, America's Thrift Store avers that it would have taken the same actions regardless of any impermissible motivating factor.

10. There were legitimate, non-discriminatory reasons for America's Thrift Store's actions that were not pre-textual or in violation of any law and/or constitutional or statutory provision.

11. In the event any of the allegations of illegal actions contained in the Complaint are found to have merit, said acts were outside the scope of employment for any employee found to have committed such acts.

12. America's Thrift Store cannot be held liable for acts of its employees committed outside the scope of their employment.

13. America's Thrift Store cannot be held liable for acts of its employees it neither authorized nor ratified.

14. America's Thrift Store at all times relevant to this suit acted in good faith concerning Plaintiff and had reasonable grounds for believing its actions were not in violation of any law.

15. America's Thrift Store has neither acted nor failed to act in a manner entitling Plaintiff to any damages.

16. Claimant's claims are barred, in whole or in part, by applicable statutes of limitation, to the extent they have not been presented to the EEOC or any other federal, state, or local fair employment practice agency in a timely fashion, or to the extent he has failed to timely

and properly exhaust all administrative remedies or file claims within the applicable statute(s) of limitations.

17. All claims under Title VII which were not the subject of a timely charge filed with the EEOC pursuant to 42 U.S.C. § 2000e-5(e) are barred

18. America's Thrift Store asserts the affirmative defenses of the after-acquired evidence doctrine, res judicata, collateral estoppel, and judicial estoppel, as these defenses may be developed during the course of this litigation.

19. America's Thrift Store reserves the right to supplement its defenses and to plead additional defenses to Plaintiff's claims based upon such facts and circumstances as they become evident through discovery or investigation.

WHEREFORE, having fully answered, America's Thrift Store respectfully requests that Plaintiff's claims be dismissed with prejudice, that America's Thrift Store be awarded its costs, including attorneys' fees, in the amount and manner permitted by applicable law, along with such other and further relief as this Court may deem just and proper.

Respectfully submitted,

*s/Howard B. Jackson*

**HOWARD B. JACKSON**
FORD & HARRISON LLP
150 3rd Avenue South, Suite 2010
Nashville, TN 37201
Telephone: (615) 574-6702

***Attorneys for America's Thrift Store***

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on August 28, 2026, a true and correct copy of the foregoing was sent via U. S. Mail to the following:

Wanda Hunter-Garden
1704 Olive Street, Apt. B
Chattanooga, TN 37406
*Pro Se*

*s/Howard B. Jackson*
Howard B. Jackson