EXHIBIT
1

**EXHIBIT 1 TO DEFENDANT'S ANSWER**

**DEFENDANT'S TRANSCRIPTION OF PLAINTIFF'S HANDWRITTEN COMPLAINT**

Defendant America's Thrift Store, submits the following transcription of Plaintiff's handwritten narrative Complaint solely for the convenience of the Court. This transcription is intended to aid the Court's review of Defendant's Answer, which responds to the allegations in Plaintiff's narrative pleading on a sentence-by-sentence basis. By providing this transcription, America's Thrift Store does not admit the accuracy of the transcription, the truth of any allegations, the characterization of any allegation, or the legal sufficiency of Plaintiff's claims, and expressly denies all allegations except those expressly admitted in its Answer. Any words, punctuations, or text appearing in brackets reflect Defendant's best effort to transcribe portions of handwriting that are difficult to discern.

**TRANSCRIPTION OF PLAINTIFF'S PRO SE COMPLAINT**

1. I, Wanda Hunter-Harden, respectfully this statement in support of my civil lawsuit for racial discrimination against America's Thrift Store located at 248 Northgate Mall, Suite 122, Chattanooga, TN 37415.
2. I was hired by America's Thrift Store, Oct. 4, 2022.
3. Before accepting employment I informed management that I was a person with a disability I explained I had suffered a stroke in 2016 that left me with limited use of my left hand.
4. I also informed the company that I received social security disability benefits and wanted to work [in?] my physical limitations despite my disability.
5. I was capable of performing my assigned duties and was initially hired as a dressing room attendant while employed at America's Thrift Store I later worked in the processing department.
6. During my employment I became aware that 2 white male employees Ben and Edward were receiving paid time off even though the[y] worked approximately 25 hours or less per week.
7. After learning this information, I asked management why they were receiving paid time off while I was not.
8. My manager, Anika Jones, informed me that employees were required to work 30 hours or more a week to qualify for paid time off.
9. Based on that explanation, I believed I was being treated differently because that stated policy did not appear to be applied equally.
10. I discussed this issue with Patricia Madden, Sharron WYNN, and Renee Richardson.
11. They each expressed to me that they didn't understand why Ben and Edward paid time off while working fewer than 30 hours each week.
12. Later Anika Jones and Sharon Wynn were stated Ben and Edward grandfathered in, and that this was the reason they continued receiving paid time off despite working fewer hours.

13. This explanation did not make sense to me because I was never shown any written policy this exception, nor was I given the same benefit.
14. I felt this was racial discrimination.
15. As a result of what I believed to be unequal treatment, I filed a charge of discrimination with the Tenn. Human Right Commission, which was a dual filed with the Equal Employment Opportunity Commission ("EEOC").
16. After investigating the matter, the EEOC issued me a notice of right to sue letter.
17. After receiving my right to sue letter, I contacted numerous attorneys in an effort to obtain legal representation.
18. Despite my efforts, I was unable to find an attorney wiling to represent me.
19. Because I could not secure legal counsel, I researched my legal options and learned that I have a right to file this civil action on my own, proceeding pro se.
20. I respectfully content that I was treated differently from similarly situated employees and that the explanations I received regarding paid time off were inconsistent and unfair.
21. I believe the unequal application of the companies [sic] policies constituted unlawful discrimination.
22. I ask the court to carefully consider the evidence, testimony, company policies, employment records, payroll records and witness statements in determining whether my rights under the law were violated.
23. I respectfully request that the court grand any relief it finds just and appropriate, including compensation for damages, costs allowed by the law, and any other relief the court deems proper.
24. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.